UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Moretta Brown, | ) | C/A No. 3:04-2409 |
| | ) | CR No. 3:01-769 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on petitioner's motion to vacate her sentence pursuant to U.S.C.§ 2255. The petitioner attacks her conviction on three grounds:

1. violation of the protection against double jeopardy;

2. ineffective assistance of counsel; and

3. the government's failure to disclose favorable evidence.

On August 7, 2001, the petitioner was charged in a two-count indictment with perjury, in violation of 18 U.S.C. § 1623. She was tried by a jury on May 13, 2002 and found guilty on Count One. On November 18, 2002, she was sentenced to 15 months in prison and 2 years of supervised release with an occupational restriction, pursuant to U.S.S.G. § 5F1.5. The Fourth Circuit affirmed the petitioner's conviction and sentence in an unpublished opinion on July 10, 2003, without oral argument. No. 02-4947. On August 26, the Fourth Circuit denied a petition for rehearing.

1

*I. Double Jeopardy and* Booker/Fanfan

On the preprinted § 2255 form, the petitioner circled "Conviction obtained by a violation of the protection against double jeopardy." She then wrote that her "sentence was wrongly increased without asking the jury." The court construes this argument to be based on the United States Supreme Court decision in *United States v. Booker* and *United States v. Fanfan*, 543 U.S. ___, 125 S.Ct. 738 (2005). The government asserts that *Booker* does not apply because it has not been made retroactively applicable to cases on collateral review.

In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the United States Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Booker* and *Fanfan*, the Supreme Court held that, to the extent the United States Sentencing Guidelines are mandatory, they are subject to the rule announced in *Apprendi*. *See Booker*, 125 S.Ct. 738. The Supreme Court did not explicitly address whether *Booker* and *Fanfan* would be applied retroactively. Likewise, the Fourth Circuit has not addressed the issue.

In *Schriro v. Summerlin*, ___ U.S. ___, 124 S.Ct. 2519 (2004), the Supreme Court examined the retroactivity of *Ring v. Arizona*, 536 U.S. 584 (2002). *Ring* applied the rule in *Apprendi* to a death sentence. Because both *Booker* and *Ring* are progeny of *Apprendi*, the Supreme Court's treatment of the retroactivity of *Ring* is instructive in examining the issue of *Booker's* retroactivity.

In determining the retroactivity of a new rule, a court must distinguish between

2

substantive rules and procedural rules. "New substantive rules generally apply retroactively. . . . because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." *Schriro*, 124 S.Ct. at 2522-23 (internal citations omitted). "New rules of procedure, on the other hand, generally do not apply retroactively." *Id.* at 2523. In order for a procedural rule to be retroactive, it "must be one without which the likelihood of an accurate conviction is *seriously* diminished." *Id.* (internal citations omitted) (emphasis in original).

The *Schriro* Court first looked to whether *Ring's* holding was substantive or procedural and found it to be procedural. Likewise, because *Booker* does not "alter[] the range of conduct or the class of persons that the law punishes," but rather "regulate[s] only the manner of determining the defendant's culpability," *id.*, the court finds that *Booker's* holding is procedural.

The *Schriro* Court next looked at whether *Ring's* holding fell under the exception to the non-retroactivity of new procedural rules, and found that it did not. "[W]e cannot confidently say that judicial factfinding seriously diminishes accuracy." *Id.* at 2525. The *Schriro* Court held: "*Ring* announced a new procedural rule that does not apply retroactively to cases already final on direct review." *Id.* at 2526. The logic employed by the *Schriro* Court in determining this issue with respect to *Ring* applies equally to *Booker*. "Judicial factfinding [does not] seriously diminish[] accuracy." *Id.* The court finds that *Booker's* holding does not fit within the exception to the non-retroactivity of new procedural rules. Therefore, the court finds that the newly recognized rule of *Booker* should not be applied retroactively to cases on

collateral review.

Every circuit which has addressed the question of retroactive application of *Booker* has held that *Booker* announced a rule of criminal procedure that may not be applied retroactively. *See Cirilo-Munoz v. United States*, 404 F.3d 527 (1st Cir. 2005); *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005); *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005); and *Varela v. United States*, 400 F.3d 864 (11thCir. 2005).

For the reasons set forth above, the petitioner's motion to vacate her sentence on the ground that facts used to enhance the sentence were not presented to a jury is denied.

*II. Ineffective Assistance of Counsel*

The petitioner complains that she did not receive effective assistance of counsel because her attorney "knew or should have know [sic] that by refusing to sign the bond that alleged crime was not completed" and because he did not argue that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) applied to her case.

In order to prevail on an ineffective assistance claim, the petitioner must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). She must first demonstrate that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-91. In examining the performance of counsel, there is a strong presumption that his conduct was within the wide range of reasonable professional assistance. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the distorting effects of hindsight. *Strickland*, 466 U.S. at 688-89.

In addition to showing ineffective representation, the defendant must also show "that

4

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

The petitioner's first argument is that her attorney was ineffective because he did not move to dismiss the charges based on her failure to sign the bond to which the false testimony referred. In advancing this argument, the petitioner misconstrues the elements of perjury.

The elements of perjury are: (1) giving testimony under oath; (2) that was false; (3) which the defendant knew to be false; and (4) which concerned a material matter. *See United States v. Sarihifard*, 155 F.3d 301, 306 (4th Cir. 1998).

In this case, the petitioner was convicted of the following perjury:

How much money did [Tarsha Snider] pay you?
She paid me $6,000 . . . and I have a payment plan for the balance.

Trial Transcript, 28-29. The crime of perjury was complete when the petitioner testified falsely. The question of whether or not the bond was signed has no bearing on whether the petitioner committed perjury. Thus, her attorney was not ineffective for not moving to dismiss the charge on these grounds.

The petitioner's second argument of ineffectiveness is that her attorney failed to argue that *Apprendi* applied to her sentencing. According to the petitioner, because the enhancement for obstruction of justice raised her sentence beyond the guideline range found by the jury, that factor should have been submitted to the jury. Under *Apprendi*, only a sentencing factor which raises the sentence beyond the statutory maximum sentence must be submitted to a jury.

*Apprendi*, 530 U.S. at 490. At the time the petitioner was sentenced neither *Blakely v. Washington*, 124 S.Ct. 2531 (2004), nor *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005), had been decided and the rule of *Apprendi* had not been applied to the United States Sentencing Guidelines. Counsel is not required to anticipate subsequent changes in the law.[1] Therefore, counsel was not ineffective for failing to raise this argument.

Because the court finds that the petitioner's lawyer was not ineffective, it is not necessary to examine whether there was prejudice. However, the court notes that there is no evidence of prejudice in this case.

For the reasons stated herein, the petitioner's motion to vacate her sentence based on ineffective assistance of counsel is denied.

*III. Prosecutorial Misconduct*

The petitioner asserts that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by not disclosing evidence that was favorable to her and not disclosing a witness who would testify against her at trial. The government made a motion for a more definite statement, which the court granted. The court ordered the petitioner to advise the court what evidence was not disclosed to her. The petitioner's response provides information that she asserts her attorney did not tell her. However, there is no evidence of a *Brady* violation in this case.

*IV. Conclusion*

---

[1] The remedy for the unconstitutionality found in *Booker* is that the sentencing guidelines are no longer mandatory. District courts must still consider the guidelines, along with other factors. Under this scheme, it is unlikely that the petitioner's sentence would differ from the sentence she received.

For the reasons contained herein, petitioner's motion to vacate her sentence is denied.

IT IS SO ORDERED.

/s/ Joseph F. Anderson, Jr.
United States District Judge

May 19, 2005
Columbia, South Carolina